# Vantries *against* Richey.

If the books of a factor exhibit a balance due to his principal, and this be communicated to him, it is conclusive upon the factor, and he cannot afterwards alter or in any way impair it. But if the state of the account be not communicated to the principal, so that he may have acted upon the supposition that such balance was in his favour, he may afterwards show that the entries were made by fraud or mistake.

ERROR to the District Court of *Allegheny* county.

Vantries and Ross against Richey, Ewalt & Co. Debt on book account.

The plaintiff gave in evidence an account furnished by the defendants, showing the state of accounts between the parties, and then called William Ewalt, one of the defendants (but no longer a member of the firm, having sold out his interest to his co-partners, who were to pay the debts), who testified that the plaintiffs' iron had been sold by the defendants for about a cent a pound higher than appeared in the account tendered; that the defendants' books had been altered, and that some of the iron had been paid for when it was sold.

At the plaintiff's request, the defendants produced their books, and the account showed the entries as they originally stood, and as they were now in their altered state.

The defendants then called witnesses to prove that the original entries in their books did not exhibit the true account of the transaction; that, in fact, the iron had not been sold at all, and that a great deal of it still remained on hand; that the prices credited by the defendants were the full value of the iron, and that it could

[Vantries v. Richey.]

not have been sold for the prices entered' by Ewalt; for the purpose of showing that Ewalt had acted in fraud of his co-partners, and that they had a right to make the correction.

To this offer the plaintiffs objected, and the court sustained the objection and sealed a bill of exception.

*Lowrie* and *M'Candless*, for plaintiff in error, cited 21 *Eng. Com. L.* 460; 4 *Cow.* 282; 9 *Eng. Com. L.* 25; 17 *Peters* 252.

*Hampton*, contra.

The opinion of the Court was delivered by

Rogers, J.—If the original entry in the books of the partnership had been communicated to the plaintiffs, and they had acted on the supposition that they had such a credit or amount in the hands of the factors, it would have been conclusive on the firm, and it would not have been competent for the defendants at any subsequent time to alter or any way impair it. But this was not done, and in *Simpson* v. *Ingham*, (2 *B. & C.* 65), cited and relied on in *Hume* v. *Ballard*, (21 *Eng. Com. L. R.* 462), it is ruled that parties are not bound by their uncommunicated entries. It appears by the testimony of Ewalt, one of the partners, examined as a witness by plaintiffs, that the entry was made by him, after sale of the iron; but this the defendants deny, and allege that it was made by mistake or in fraud of their rights, and this they offer to prove; but the court, being of the opinion that the act of Ewalt estopped the defendants, rejected the evidence. In this the court was in error for two reasons: 1st, Because the technical doctrine of estoppel applies, in general, only to deeds and records, and not to simple contracts. Secondly, because Ewalt, being plaintiff's witness, stands in the situation of any other witness, and his credit may be impeached. Ewalt testifies that the iron was sold at five cents per pound; and the defendants offered to prove that this was not true, that the iron, so far from being sold at that time, has not yet been sold, but that part of it is now on hand. Notwithstanding the entry does not conclude the defendant from showing the truth, yet the original entry, having been made by a party in interest, is powerful presumptive proof against the defendants, which cannot be overthrown except by the most clear and unquestionable testimony: for it is difficult to imagine any motive to induce him to charge himself in favour of a third person. A transaction such as is presented here, must be scrutinized very narrowly; for if a commission-merchant, without any actual sale, credit his principal, in expectation of a rise in the market, with a certain price as for goods sold, he ought not to be permitted to alter the price, if it should turn out he had been deceived in his calculation. A contrary practice would put the principal completely in the power of a fraudulent agent. The principal may

[Vantries v. Richey.]

consider it as a sale to his factor. When, however, the entry has been the result of fraud or mistake, by one of two or more partners, we know of no principle which will prevent the other from showing it. A statement of an account is not conclusive, but only presumptive evidence against the party admitting the balance to be against him. He is allowed to show a gross error or mistake in the account, if he can adduce evidence to that effect. So also it is ruled that a receipt is not conclusive evidence, 1 *Chitty* 6, and the authorities there cited.

Judgment reversed, and a *venire de novo* awarded.